IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

COBEY DARON WEBB,                :
                                 :
        Petitioner               :
                                 :
    v.                           :    CIVIL NO. 4:CV-16-624
                                 :
WARDEN L. J. ODDO,               :    (Judge Brann)
                                 :
        Respondent               :

**MEMORANDUM**

May 13, 2016

**Background**

Cobey Daron Webb, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood) filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. Named as sole Respondent is Warden L. J. Oddo of USP-Allenwood. The required filing fee has been paid.

After being named in a 12 count indictment,[1] Petitioner entered a guilty plea to a charges of conspiracy to attempt to possess with intent to distribute and possession with intent to distribute over 50 grams of crack cocaine (Count One) and using, carrying, and discharging a firearm during a drug trafficking crime

---

[1] See Doc. 1-1, Exhibit A.

1

(Count Six) in the United States District Court for the Western District of Virginia on February 14, 2006. He was sentenced on May 11, 2006 to a 120 month term of imprisonment on Count One and a consecutive 120 term of confinement on Count Six.[2]

According to the submitted record, Webb did not file a direct appeal. See Doc. 1-1, Exhibit B, p. 10. However, he did previously seek relief with the sentencing court via a motion pursuant to 28 U.S.C. § 2255. See id. Therein, Webb argued that his equal protection rights were violated because his crack cocaine trafficking sentence was more severe than the sentence which would be imposed for trafficking the same amount of powder cocaine. His § 2255 motion was denied as being untimely and meritless by decision dated September 16, 2009.

Webb's pending action initially seeks habeas corpus relief on the basis his underlying criminal indictment was insufficient. See Doc. 1, p. 3. He explains that Count One of the indictment "fails to charge an offense because Section 846 of Title 21 does not authorize conspiracy to attempt criminal prosecutions." Id. Relying on United States v. Meacham, 626 F.2d 503 (5th Cir. 1980), Petitioner concludes that his guilty plea to Count One should not have been accepted due to

---

[2] Petitioner asserts that both sentences were statutory mandatory minimum sentences.

lack of jurisdiction.

The remaining portion of Webb's habeas corpus petition asserts that the indictment on Count Six was also deficient because it is missing the in-relation-to element of the offense. See Doc. 1, p. 6. He concludes that his guilty plea to Count Six should likewise be vacated because it fails to charge an offense.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1

(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Webb argues that he may bring his present challenges to his guilty plea and sentence via a § 2241 petition. It would appear that it is Webb's contention that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at USP-Allenwood.

When challenging the validity of a federal sentence and not its execution,[3] a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in

---

[3] A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Webb is clearly challenging the validity of his guilty plea and sentence from the Western District of Virginia. He must do so by following the requirements of § 2255. As previously noted, Petitioner acknowledges that he did not filed a direct appeal but did unsuccessfully pursue a § 2255 action. Moreover, there is no indication by Petitioner that he previously sought relief seek authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition for the purpose of pursuing his present claims.

Webb's instant claims are not based upon a contention that his conduct is no longer criminal as a result of some change in the law. Nor has Webb shown that he is unable to present his claims via a § 2255 proceeding. As recognized by the

Honorable Kim R. Gibson in <u>Pollard v. Yost</u>, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

Petitioner does not indicate that he is seeking relief based upon decisions that apply retroactively to cases on collateral review. It is also noted that Petitioner's <u>Meachem</u> based argument has been rejected by at least one court in this Circuit. <u>See</u> <u>United States v. Norris</u>, 753 F. Supp.2d 492, 513-14 (E.D. Pa. 2010)(<u>Meachem</u> does not support a contention that a charge of conspiracy to attempt is illegal, such a charge is hardly illegal); <u>see</u> <u>also</u> <u>United States v. Brown</u>, 752 F.3d 1344, 1354 (11th Cir. 2014)(omission from indictment of an element of the charged offense is a non-jurisdictional defect).

Clearly, Webb's pending claim do not fall within the narrow <u>Dorsainvil</u> exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or

6

sentence.  See Levan v. Sneizek, 325 Fed. Appx. 55, 57  (3d Cir. April 2009). There is also no indication that Petitioner has sought authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition for the purpose of pursuing his present claims.  See Dixon v. Warden, FCI-Schuylkill, 2015 WL 871828 *3  (M.D. Pa. Feb. 27, 2015)(before the federal court door to the filing of a § 2241 petition opens, the applicant is first required to seek authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition).

    Since there is no basis for a determination that § 2255 is  inadequate or ineffective to test the legality of Petitioner's plea and sentence, his § 2241 petition will be dismissed for lack of jurisdiction.  Of course, this dismissal has no effect on Petitioner's right to properly seek authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition.  An appropriate Order will enter.

                BY THE COURT:

                s/ Mathew W. Brann
                Matthew W. Brann
                United States District Judge